**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission | No. CV-12-0914-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| North America Marketing and Associates, LLC, a Nevada limited liability company, *et al.*; | |
| Defendants and Relief Defendants. | |

Plaintiff Federal Trade Commission has filed a motion to strike affirmative defenses. Doc. 104. The motion is now ripe for decision. Doc. 104; Doc. 107; Doc. 114; Doc. 116; Doc. 119; Doc. 125; Doc. 126. For the reasons discussed below, the motion will be granted in part and denied in part.

**I.      Background.**

Plaintiff Federal Trade Commission has alleged that Defendants violated 15 U.S.C. § 45(a), prohibiting unfair or deceptive acts or practices in or affecting commerce. 15 U.S.C. § 45(a) (2006). Doc. 3, at 11-14. Specifically, Plaintiff alleges that Defendants were engaged in a common enterprise to deceptively market home-based Internet business opportunities and accompanying marketing services. Doc. 3, at 8-11. Plaintiff alleges that Relief Defendants Sheila Ann Lowry, Carl Edward Morris, Jr., and Marketing Strategies, LLC, received funds that can be traced directly to Defendants' deceptive practices and that each has no legitimate claim to the funds. Doc. 3, at 8.

In the various answers to the complaint, Defendants and Relief Defendants raise a number of affirmative defenses. Plaintiff moves to strike some of these defenses as addressed below.

## II. Legal Standard.

Plaintiff argues that Defendants' affirmative defenses are not adequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Doc. 104-1, at 5. Defendants argue that the factual basis and showing of plausibility required by *Twombly* do not apply to affirmative defenses. Doc. 107, at 5-6. The Ninth Circuit has not yet decided whether the pleadings standards of *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to affirmative defenses, but this Court has held that they do not. *See G & G Closed Circuit Events, LLC, v. Mitropoulos*, No. CV12-0163-PHX DGC, 2012 WL 3028368, at *1 (D. Ariz. July 24, 2012); *Ameristar Fence Products, Inc. v. Phoenix Fence Co.*, No. CV10-299-PHX DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010). The Court will "leave any extension of *Twombly* to the Supreme Court or the Ninth Circuit." *G & G Closed Circuit Events,* 2012 WL 3028368, at *1.

But this does not absolve Defendants of all pleading requirements. Ninth Circuit precedent requires that Defendants' pleading give "fair notice" of the affirmative defense to Plaintiff. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler*, 280 F.R.D. at 564. Further, an affirmative defense may be legally insufficient if it clearly lacks merit under any set of facts the defendant might allege, or does not plead matters extraneous to the plaintiff's prima facie case which deny the plaintiff's right to recover, even if the allegations of the complaint are true. *Id.*; *Federal Deposit Ins. Corp. v. Main Hrudman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987).

## III. Discussion.

### A. Failure to State a Claim Upon Which Relief May Be Granted.

Defendants North American Marketing and Associates, LLC, NAMAA, LLC, TM Multimedia Marketing, LLC (Nevada), National Opportunities, LLC (Nevada), World

Wide Marketing and Associates, LLC, Wide World of Marketing, LLC, Precious Metals Resource, LLC, Superior Multimedia Group, LLC, Joseph Wayne Lowry, and Relief Defendant Sheila Ann Lowry (collectively "the Lowry Defendants") assert the affirmative defense of failure to state a claim upon which relief can be granted.  Doc. 89, at 12.  Defendants Daniel Vigil and National Opportunities (collectively "the Vigil Defendants") assert this defense as well.  Doc. 93, at 7; Doc. 94, at 7.  "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case."  *Barnes v. AT & T Pension Ben. Plan—Nonbargained Program*, 718 F.Supp.2d 1167, 1176 (N.D. Cal. 2010) (citing *Boldstar Tech, LLC v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1291 (S.D. Fla. 2007)).  The Court will strike the Lowry and Vigil Defendants' affirmative defense of failure to state a claim upon which relief can be granted.

### B.   Commercial Speech.

Plaintiff has challenged Defendants' speech as "false and or misleading." Doc. 104-1, at 9.  Defendant Birdsong asserts that any communication was "non-deceptive, and thus protected commercial speech under the U.S. Constitution."  Doc. 91, ¶ XXVI.  Defendant Birdsong's affirmative defense is a factual disagreement with the merits of Plaintiff's case and not the proper subject of an affirmative defense.  The Court will strike Defendant Birdsong's affirmative defense of commercial speech.

### C.   Mootness.

The Lowry Defendants assert that Plaintiff's claims are moot "to the extent that the challenged practices no longer occur or have never occurred."  Doc. 89, at 13.  This defense is logically separable into two distinct parts: (1) that Plaintiff's claims are moot because the challenged practices no longer occur, and (2) that Plaintiff's claims are moot because the challenged practices never occurred.

Addressing part 1, the cessation of activities may have some effect on the scope of the allowed remedies.  *See FTC v. Bronson Partners, LLC,* No. 3:04CV1866(SRU), 2006 WL 197357, at *3 (D. Conn. Jan. 25, 2006)(refusing to strike an affirmative defense of

mootness because the cessation of activities "may be relevant with respect to an appropriate remedy"). Here, the cessation of activities may be relevant to whether or not an injunction is granted. This part of the affirmative defense will not be stricken.

Part 2 is a factual argument that disputes Plaintiff's claims and is not an appropriate subject of an affirmative defense. The Court accordingly will strike the language "or have never occurred" from the Lowry Defendants' affirmative defense that the claims are moot.

### D. Estoppel, Waiver, or Laches.

The Vigil Defendants, the Lowry Defendants, and Defendant Carl Morris each assert that Plaintiff's claims are barred by estoppel, waiver, or laches. Doc. 93, at 7; Doc. 94, at 7; Doc. 89, at 12; Doc. 86, at 6-7. These defenses contain no reference to supporting facts, *see* Doc. 93, at 7; Doc. 94, at 7; Doc. 89, at 12; Doc. 86, at 6-7, and thus provide no notice concerning the basis of the defenses. *See Desert European Motorcars, LTD v. Desert European Motorcars, Inc.*, No. EDCV 11-197 RSWL, 2011 WL 3809933, at **2-4 (C.D. Cal. Aug. 25, 2011) (granting a motion to strike affirmative defenses of estoppel, waiver, and laches for failure to state any facts that provide fair notice). The Court will strike the Lowry and Vigil Defendants' and Defendant Carl Morris' affirmative defenses of estoppel, waiver, or laches.

### E. Unclean Hands.

The Lowry Defendants assert that Plaintiff's claims are barred by the doctrine of unclean hands, Doc. 89, at 12, but provide no factual basis for the defense. *See Kohler*, 280 F.R.D. at 571-72 (striking an affirmative defense of unclean hands for failure to state any facts that provide fair notice). The Court will strike the Lowry Defendants' affirmative defense of unclean hands.

### F. Statute of Limitations.

The Lowry Defendants assert that Plaintiff's claims are barred by the statute of limitations, Doc. 89, at 12, but do not identify the applicable statute of limitations. This does not provide fair notice to Plaintiff. *See Wyshak*, 607 F.2d at 827 (holding that citing

the applicable statute of limitations provided fair notice of the defense). The Court will strike the Lowry Defendants' affirmative defense of the statute of limitations.

### G. *Mens Rea* and Intent to Deceive.

The Vigil Defendants and Defendant Carl Morris assert that Plaintiff cannot prove *mens rea* and that Defendants acted with intent to deceive. Doc. 93, at 6; Doc. 94, at 6; Doc. 86, at 6. This affirmative defense, even if applicable to Plaintiff's claims, is a mere factual disagreement with the claims. The Court will strike this affirmative defense without reaching the question of whether Plaintiff's claims require *mens rea* or intent to deceive.

### H. Release.

The Vigil Defendants and Carl Morris both assert that Plaintiff's claims are barred by the doctrine of release. Doc. 93, at 7; Doc. 94, at 7; Doc. 86, at 7. Neither Defendant provides any facts in support of the defense. *Smith v. Walmart Stores*, No. C06-2069 SBA, 2006 WL 2711468, at **8-9 (N.D. Cal. Sept. 20, 2006) (citing *Woodfield v. Bowman*, 193 F.3d 354, 361 (5th Cir. 1999) and holding that "baldy naming the doctrine of release falls well short" of the fair notice standard). The Court accordingly will strike the Vigil Defendants' and Defendant Carl Morris' affirmative defense of release.

### I. Reservation of Rights.

The Vigil and Lowry Defendants reserve their rights to additional affirmative defenses. Doc. 93, at 8; Doc. 94, at 8; Doc. 89, at 12. "An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. Instead, if at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure. Defendants cannot avoid the requirements of Rule 15 simply by 'reserving the right to amend or supplement their affirmative defenses.'" *Solis v. Zenith Capital, LLC,* No. C08-4854 PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009) (citations omitted). The Court will strike the Vigil and Lowry Defendants' reservation of the right to allege additional affirmative defenses.

## J. Non-parties at Fault.

The Lowry and Vigil Defendants assert that the alleged damages were caused by non-parties and/or required parties. Doc. 93, at 7; Doc. 94, at 7; Doc. 89, at 13. Neither provides any indication of who those parties might be. *See* Doc. 93, at 7; Doc. 94, at 7; Doc. 89, at 13. Though the Lowry Defendants argue in their response that the Relief Defendants should be included as true defendants, their answer makes no mention of this argument. "A ruling on a motion to strike affirmative defenses must be based on matters contained in the pleadings." *J & J Sports Productions, Inc. v. Jimenez*, No. 10cv0866 DMS (RBB), 2010 WL 5173717, at *1 (S.D. Cal. Dec. 15, 2010) (citing *Kelly v. Kosuga*, 358 U.S. 516 (1959)). The Court will strike the Vigil and Lowry Defendants' affirmative defense that the damages were caused by non-parties and/or required parties. *See Security People, Inc. v. Classic Woodworking, LLC*, No C-04-3133 MMC, 2005 WL 645592, at *5 (N.D. Cal. March 4, 2005) (striking an affirmative defense of failure to join required parties because the defendant failed to name any required parties).

## K. Mitigation of Damages.

The Lowry and Vigil Defendants assert that Plaintiff failed to mitigate damages. Doc. 93, at 8; Doc. 94, at 8; Doc. 89, at 13. They allege no facts in support. Doc. 93, at 8; Doc. 94, at 8; Doc. 89, at 13. Courts have split on whether additional facts are necessary to meet the fair notice standard. *Compare Desert European Motorcars, LTD* 2011 WL 3809933, at *2 *with Kohler,* 280 F.R.D. at 570. In this case, the Court finds that more facts are needed. Though alleging failure to mitigate may provide Plaintiff fair notice in a typical contract suit, it is unclear what Plaintiff, the Federal Trade Commission, could have done to mitigate the damages arising out of the Federal Trade Commission Act ("FTC Act") and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"). Because of this lack of clarity, Defendants must provide some explanation of their defenses if Plaintiff is to receive fair notice. The Court accordingly will strike the Lowry and Vigil Defendants' affirmative defense of failure to mitigate.

### L. The Damages Sought Are Not Authorized by Law.

The Vigil and Lowry Defendants assert that the damages sought are not authorized by law. Doc. 93, at 8; Doc. 94, at 8; Doc. 89, at 13. In its complaint, Plaintiff requests "temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other relief[.]" 15 U.S.C. §§ 53(b) and 57(b) expressly list these "damages" as relief available for violations of Sections 13(b) and 19 of the FTC Act and the Telemarketing Act. If the Vigil and Lowry Defendants are asserting that these "damages" are not authorized by the FTC Act and Telemarketing Act, they must be arguing that they did not violate the FTC Act or the Telemarketing Act. This is a factual argument about the merits of Plaintiff's claim. If the Vigil and Lowry Defendants are arguing that some other law makes the "damages" unauthorized, then they have failed to provide fair notice of what law they mean. The Court accordingly will strike the Vigil and Lowry Defendants' affirmative defense that the damages sought are not authorized by law.

### M. Omissions of Third Parties.

The Lowry Defendants assert that Plaintiff's claims are bared by acts or omissions of third parties over whom Defendants had no control. Doc. 89, at 13. The Lowry Defendants provide no facts to support this defense and therefore fail to provide fair notice. *Joe Hand Promotions, Inc. v. Estradda*, 1:10-CV-02165-OWW, 2011 WL 2413257, at *4 (E.D. Cal. June 8, 2011) (holding that an affirmative defense that damages were cause by third parties over whom the defendant has no control is insufficiently pled if defendant asserts no other facts). The Court accordingly will strike the Lowry Defendants' affirmative defense that Plaintiff's claims are barred by the action or omission of third parties.

### N. No Knowledge of or Control over Corporate Defendant's Actions.

Plaintiff alleges that Defendant Birdsong "formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint." Doc. 3, at 6-7. Defendant Birdsong asserts that she had no knowledge or control over the

corporate defendants' actions. Doc. 91, at 6-7. This defense directly contradicts facts alleged by Plaintiff and is not the proper subject of an affirmative defense. The Court accordingly will strike Defendant Birdsong's affirmative defense that she had no knowledge or control over the corporate defendant's actions.

### O.    Other Affirmative Defenses Asserted by Defendant Carl Morris.

In the last paragraph of his answer, Carl Morris asserts that Plaintiff's claims are barred by doctrines of (a) accord and satisfaction; (b) arbitration and award; (c) assumption of risk; (d) contributory negligence; (e) duress; (f) failure of consideration; (g) fraud; (h) illegality; (i) license; (j) payment; (k) res judicata; and (l) statute of frauds. Doc. 86, at 6-7. Defendant Morris provides no facts or explanation of these defenses, and did not file a response to Plaintiff's motions to strike. The Court will strike these affirmative defenses for failure to provide fair notice.

### P.    Affirmative Defenses Asserted by Defendant Tracy Morris.

Defendant Tracy Morris argues in his reply that Plaintiff makes no mention of his affirmative defenses in the motion to strike. Instead, Plaintiff moves to strike the affirmative defenses of other Defendants. Although Defendant Tracy Morris's reply is untimely, his factual assertion is true. Doc. 104. In response, Plaintiff argues that the Court should still strike Defendant Tracy Morris' affirmative defenses because Plaintiff addressed substantially similar affirmative defenses in their motion to strike. But if Plaintiff wishes to strike Defendant Tracy Morris's affirmative defenses, it must file a motion specifically requesting that the Court strike those affirmative defenses.

**IT IS ORDERED** that Plaintiff's Motion to Strike (Doc. 104) is **granted in part** and **denied in part** as set forth above.

Dated this 17th day of October, 2012.

_David G. Campbell_
United States District Judge